UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MEDGRAPH, INC.,

        Plaintiff,

v.

MEDTRONIC, INC.,

        Defendant.

6:09-cv-06610-DGL

**STIPULATED PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

WHEREAS Plaintiff Medgraph, Inc. ("Plaintiff" or "Medgraph"), and Defendant Medtronic, Inc. ("Defendant" or "Medtronic"), recognizing that certain information related to the subject matter of this action is sensitive and confidential, stipulate and agree as follows:

1. The term Confidential Information shall mean and include documents, information or other materials (collectively "materials") in this action which are of a sensitive business nature and are designated in good faith as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time of their production or disclosure, or in accordance with paragraphs 16 or 20 hereto, as set forth below:

    a. A designation of any materials as "Confidential" shall be limited to materials which a party believes in good faith constitutes, contains, embodies or reflects trade secret, proprietary or other commercially sensitive information.

    b. A designation of any materials as "Confidential - Attorneys' Eyes Only" shall be limited to materials which a party believes in good faith constitutes, contains, embodies or reflects critically sensitive financial, product pricing, revenues, costs, profits, margins, customer lists, currently implemented or not yet implemented

marketing plans and analyses; technical information; research and development plans and other non-public information.

2. The following persons may have access to materials designated as "Confidential":

   a. Counsel of record ("Outside Counsel") for the parties—Gibson, Dunn & Crutcher LLP; Ward, Greenberg, Heller & Reidy LLP; and Meredith & Keyhani PLLC—as well as attorneys and legal assistants, clerical personnel and paralegal assistants employed by Outside Counsel;

   b. Up to six (6) designated in-house counsel, officers, and/or employees of each party for the sole purpose of assisting counsel in connection with this action ("Designated Employees");

   c. Court personnel, stenographic reporters, litigation support vendors engaged in proceedings incidental to discovery or preparation for trial, mock jurors, testifying witnesses, or jurors at trial;

   d. Consulting or testifying experts retained by Outside Counsel for a party in connection with this proceeding (the "Retaining Party"), provided that any such expert (1) is not employed by or a consultant to a competitor of the party whose Confidential Information is to be disclosed (the "Other Party"); (2) is not employed by or a consultant to a supplier, customer or entity otherwise related to the Retaining Party; and (3) does not have a continuing business relationship with the Retaining Party or its related entities beyond litigation support in this case; and

  e. Any other consulting or testifying expert who is assisting Outside Counsel in connection with this proceeding, provided that the requirements of paragraphs 4 and 5 of this Order have been satisfied with respect to such expert.

3. The following persons may have access to materials designated as "Confidential - Attorneys' Eyes Only":

  a. Outside Counsel for the parties, as well as attorneys and legal assistants, clerical personnel and paralegal assistants employed by Outside Counsel;

  b. Consulting or testifying experts retained by Outside Counsel in connection with this proceeding, provided that any such expert (1) is not employed by or a consultant to a competitor of the party whose Confidential Information is to be disclosed (the "Other Party"); (2) is not employed by or a consultant to a supplier, customer or entity otherwise related to the Retaining Party; and (3) does not have a continuing business relationship with the Retaining Party or its related entities beyond litigation support in this case;

  c. Court personnel, stenographic reporters, litigation support vendors engaged in proceedings incidental to discovery or preparation for trial, mock jurors, testifying witnesses, or jurors at trial;

  d. Any witness or person who previously authored or received the material designated as "Confidential – Attorneys' Eyes Only"; and

  e. Any other consulting or testifying expert who is assisting Outside Counsel in connection with this proceeding, provided the requirements of paragraphs 4 and 5 of this Order have been satisfied with respect to such expert.

4. Before disclosing Confidential Information to any consulting or testifying expert, counsel for the Retaining Party shall:

   a. Provide to such expert a copy of this Order, which he or she shall read and upon reading shall complete and sign the Acknowledgement of Stipulated Protective Order ("Acknowledgement") attached hereto.

   b. Obtain from such expert a completed and signed copy of said Acknowledgement, a resume (curriculum vitae), and the following information, (i) the witness's qualifications, including a list of all publications authored in the previous ten (10) years, and (ii) a list of all other cases in which, during the previous four (4) years, the witness testified as an expert at trial or by deposition;

   c. For every such expert, serve by e-mail a copy of said Acknowledgement and the other information described in paragraph 4(b) upon Outside Counsel for the Other Party.

5. Upon receipt of the information described in paragraph 4(c), the Other Party shall have ten (10) days to serve a written objection to the proposed disclosure of its Confidential Information, which shall state with specificity the reasons for such objection. If counsel for the Other Party objects within ten (10) days, there shall be no disclosure to such expert except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) days of the service of the objection. On any motion brought pursuant to this paragraph, the Other Party shall bear the burden of showing why disclosure to that expert should be precluded. Failure to timely object operates as a waiver of the Other Party's right to object to disclosure of Confidential Information to

such expert; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

6. Confidential Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action.

7. Confidential Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Stipulated Protective Order.

8. Any of the parties to this action can challenge the designation of materials as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order. The signing of this Order or failure of a party, at the time it receives Confidential Information, to challenge or object to the "Confidential" or "Confidential - Attorneys' Eyes Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Confidential - Attorneys' Eyes Only" designation at any later time. In the event that any party desires to challenge at any time the designation of "Confidential" or "Confidential - Attorneys' Eyes Only" materials, the challenging party shall first consult with the party that made the challenged designation and, if the parties cannot reach agreement as to the appropriate designation for such materials, may thereafter seek appropriate relief from the Court.

9. Confidential Information shall not include any materials which:

    a. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

    b. Are not under law entitled to be treated as confidential;

    c.    Are made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming their confidential nature.

Notwithstanding the foregoing, compilations and/or summaries of materials may nonetheless be deemed and designated, in good faith, as "Confidential" or "Confidential - Attorneys' Eyes Only" and are subject to this Order even though some of the materials contained in such compilations and/or summaries may have been produced to third parties on a non-confidential basis.

10. Before disclosing Confidential Information to a Designated Employee pursuant to section 2(b) or 2(c) hereof, counsel for such Designated Employee shall:

    a.    Provide to such Designated Employee a copy of this Order, which he or she shall read and upon reading shall complete and sign the Acknowledgement attached hereto.

    b.    Obtain from such Designated Employee a completed and signed copy of said Acknowledgement and serve by e-mail upon Outside Counsel for the Other Party a copy of said Acknowledgement, together with a brief description of such Designated Employee's responsibilities.

11. Upon receipt of said Acknowledgement and the other information required by paragraph 10(b), the Other Party shall then have ten (10) days to serve a written objection to the proposed disclosure of its Confidential Information, which shall state with specificity the reasons for such objection. If counsel for the Other Party objects within ten (10) days, there shall be no disclosure of the Other Party's Confidential Information to such Designated Employee except by further order of the Court pursuant to a motion brought

by the party seeking to disclose said Confidential Information, within ten (10) days of service of the objection. On any motion brought pursuant to this paragraph, the Other Party shall bear the burden of showing why disclosure to the Designated Employee should be precluded. Failure to timely object operates as a waiver of the Other Party's right to object to disclosure of Confidential Information to such Designated Employee; likewise, failure to timely file a motion operates as a waiver by the party seeking to disclose such Confidential Information of its right to challenge the objection.

12. With the exception of court personnel, including judges, court clerks, and court reporters, any person, prior to receiving Confidential Information under Paragraphs 2(d), 2(e), 3(b) or 3(c), shall be provided with a copy of this Order and shall acknowledge in writing, in the form of the Acknowledgement of Stipulated Protective Order attached hereto (See Exhibit A), that he or she has read this Order, understands it, and agrees to be bound by it.

13. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Order, including any proceeding relating to the enforcement of this Order.

14. If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every effort to prevent further disclosure.

15. Any person in possession of Confidential Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

16. Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential" or "Confidential - Attorneys' Eyes Only" by indicating on the record at the time the testimony is given or within twenty (20) days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

17. Subject to any overriding rules imposed by the Court, all Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (1) the caption of this Action; (2) the words (a) "Confidential" or "Confidential - Attorneys' Eyes Only" and (b) "Restricted Access According to Court Order" as an indication of the content; and (3) a statement in substantially the following form:

> This envelope, containing materials which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties.

The Clerk of the Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as "Confidential" or "Confidential - Attorneys' Eyes Only" and filed in accordance with this paragraph.

18. Within sixty (60) days of the final conclusion of this action, including any appeals, the original of all produced Confidential Information and all copies thereof, shall be returned to the producing party (or, if the parties agree, destroyed), except that neither party shall be obliged to return any produced Confidential Information that was admitted into evidence at trial. Notwithstanding the fact that they might contain Confidential

Information, Outside Counsel for each party shall be entitled to retain all pleadings, motion papers, written discovery responses (excluding any Confidential Information produced pursuant to such written discovery responses), deposition transcripts and exhibits, legal memoranda, correspondence and work product. Outside Counsel shall maintain any retained Confidential Information in a manner that will preserve its confidential nature.

19. The inadvertent production of materials subject to the attorney-client privilege or work product doctrine will not waive the attorney-client privilege or the work product doctrine. In addition, the fact that a document or other material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the receiving party that such document covered by the attorney-client privilege and/or work product doctrine may have been produced, the party receiving said document or material shall return it and all copies within five (5) days to the producing party. After the return of the document(s) or material(s), the receiving party may challenge the producing party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court.

20. The inadvertent failure of a party to designate material as "Confidential" or "Confidential - Attorneys' Eyes Only" shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party that such material is "Confidential" or "Confidential - Attorneys' Eyes Only" within seven (7) days from when the failure to designate first becomes known to the producing party. The party

receiving discovery material that the producing party inadvertently failed to designate as "Confidential" or "Confidential - Attorneys' Eyes Only" shall not be in breach of this Order for any use made of such material before the receiving party is informed of the inadvertent failure to designate.

21. Nothing in this Order shall bar or otherwise restrict any Outside Counsel or in-house counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential" or, except in the case of in-house counsel, "Confidential - Attorneys' Eyes Only," provided, however, that in rendering such advice and in otherwise communicating with his or her client, Outside Counsel and in-house counsel shall not disclose the content or the source of any Confidential Information contrary to the terms of this Order.

22. This litigation may require the disclosure of Protected Health Information, as defined in the Health Insurance Portability and Accountability Act ("HIPAA"). Protected Health Information is "any information, whether oral or recorded in any form or medium" that is "created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse," and "[r]elates to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. 160.103. Pursuant to this order, all parties are:

    a.    Prohibited from using or disclosing Protected Health Information for any purpose other than the litigation or proceeding for which such information was requested, as required by section 164.512(e)(1)(v)(A) of HIPAA; and

    b.    Required to return to the covered entity or destroy the Protected Health Information (including all copies made) at the end of the litigation or proceeding, as required by section 164.512(e)(1)(v)(B) of HIPAA.

23. The provisions of this Order shall also apply to materials and deposition testimony produced by third parties in discovery in this action, and third parties may designate their materials and deposition testimony as confidential in accordance with the provisions of this Order.

24. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

Dated: July 21, 2010

By: s/Laura A. Myers
      Laura A. Myers

WARD GREENBERG HELLER & REIDY LLP
Eric J. Ward (eward@wardgreenberg.com)
Laura A. Myers (lmyers@wardgreenberg.com)
300 State Street
Rochester, New York 14614
Telephone: (585) 454-0700

GIBSON, DUNN & CRUTCHER LLP
Wayne M. Barsky (wbarsky@gibsondunn.com)
Kareem Ghanem (kghanem@gibsondunn.com)
2029 Century Park East, Suite 4000
Los Angeles, California 90067
Telephone: (310) 557-8183

Attorneys for Defendant

Dated: July 20, 2010

By: s/Sidney R. Bresnick
      Sidney R. Bresnick

MEREDITH & KEYHANI, PLLC
Dariush Keyhani (dkeyhani@meredithkeyhani.com)
Sidney R. Bresnick (sbresnick@meredithkeyhani.com)
81 Linwood Avenue
Buffalo, New York 14209

Attorneys for Plaintiff

**IT IS SO ORDERED.**

Dated:

                        _Marian W Payson_    7/22/10
                        The Honorable Marian W. Payson
                        United States Magistrate Judge