UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MEDGRAPH, INC.,

                                    Plaintiff,

                                                                                      <u>DECISION AND ORDER</u>

                                                                                       09-CV-6610L

                                  v.

MEDTRONIC, INC.,

                                    Defendant.
_____

       On June 29, 2015, the Court issued a Decision and Order, __ F.Supp. __, 2015 WL 3938253 ("summary judgment decision"), granting summary judgment for defendant Medtronic, Inc. and dismissing the complaint in this patent infringement action. Plaintiff Medgraph Inc., which owns the two patents in suit, has now filed a motion for an "indicative ruling" pursuant to Rule 62.1 of the Federal Rules of Civil Procedure.

**BACKGROUND**

       While familiarity with the Court's summary judgment decision is assumed, a brief recitation of the relevant background will be helpful. The two patents in suit, U.S. Patents No. 5,974,124 ("'124 Patent") and No. 6,122,351 ("'351 Patent"), both of which are entitled "Method and system

aiding medical diagnosis and treatment," relate to the electronic collection and storage of patient data, and the transmission of such data to physicians and other health care professionals. The '124 Patent sets forth fifteen method claims and one system claim, while the '351 patent contains a single method claim.

The gist of Medgraph's claims is that Medtronic's competing product allows or invites users to perform all of the steps necessary to Medgraph's claimed invention. One of the central issues throughout the course of this litigation has been whether Medtronic can be held liable for patent infringement, in the absence of proof that any particular person or entity has ever performed all of the steps of Medgraph's invention.

In the Court's summary judgment decision, I held that there was no evidence of direct infringement of the method claims, and that absent such proof, there could be no liability for indirect infringement. The Court also held as a matter of law that defendant's product does not infringe the system claim of the '124 patent. 2015 WL 3938253, at *9, *13.

Following this Court's summary judgment decision, plaintiff filed a notice of appeal to the Court of Appeals for the Federal Circuit. (Dkt. #163.) That appeal is currently pending.

In my summary judgment decision, I relied in part on a recent decision by the Federal Circuit in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 786 F.3d 899 (Fed. Cir. 2015). The lengthy *Akamai* litigation has spawned numerous reported decisions, at every level of the federal courts.

In the above-cited decision, which was issued on remand from the United States Supreme Court, a majority of a three-judge panel of the Federal Circuit held that "direct infringement liability

of a method claim under 35 U.S.C. § 271(a) exists when all of the steps of the claim are performed by or attributed to a single entity–as would be the case, for example, in a principal-agent relationship, in a contractual arrangement, or in a joint enterprise." *Id.* at 904. The court went on to find that "[b]ecause this case involves neither agency nor contract nor joint enterprise, ... [the defendant] Limelight is not liable for direct infringement." *Id.* The court therefore affirmed the district court's entry of judgment as a matter of law in favor of Limelight, notwithstanding the jury's verdict in favor of the plaintiff, Akamai.

On rehearing *en banc*, the Federal Circuit, in a unanimous decision, held that there was substantial evidence presented at trial from which the jury could have found that Limelight directed or controlled its customers' performance of certain steps of the patent, and, accordingly, that all the steps of the claimed methods had been performed by or were attributable to Limelight. The court therefore reversed the district court's grant of judgment of noninfringement as a matter of law. 797 F.3d 1020, 1025 (Fed. Cir. 2015).

In light of the Federal Circuit's most recent ruling in *Akamai*, Medgraph has now moved for an "indicative ruling" that if the Federal Circuit were to remand this case on appeal, this Court would vacate its prior summary judgment decision and judgment in favor of Medtronic, and reopen the case for further proceedings on the issue of infringement. Medtronic has filed a brief in opposition to the motion.

**DISCUSSION**

Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

On its face, then, the rule only applies when a "timely motion" (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal. Absent an underlying, predicate motion, there is no basis for relief under Rule 62.1. *See* Advisory Committee Notes to Rule 62.1 ("This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal"); 12 James W. Moore et al., Moore's Federal Practice § 62.1.10[2] ("The rules governing indicative-ruling procedure ... apply only if a pending appeal bars the district court from granting the relief sought in a postjudgment motion").

In other words, procedurally there is no basis for an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case. Medgraph has not filed any motion for relief, apart from its motion under Rule 62.1, and the motion is subject to denial on that ground alone. *See, e.g., Cencich v. Miller-Stout*, 2013 WL 693209, at *1 (W.D.Wash. Feb. 26, 2013) (denying plaintiff's motion for relief under Rule 62.1, since plaintiff had no motions pending in the

district court while the case was on appeal to the court of appeals); *Fischer S.A. Comercio, Industria and Agricultura v. United States*, No. 12-30, 2012 WL 726637, at *1 (Ct. Int'l Trade Mar. 7, 2012) (plaintiffs failed to satisfy prerequisite for relief under Rule 62.1, since they had not filed a timely motion for relief that the court lacked authority to grant because of the pendency of an appeal).[1]

Aside from that procedural defect, I do not believe that the circumstances here are such that relief under Rule 62.1 would be warranted in any event. This is not a case involving newly discovered evidence or some inadvertence or mistake at the district court level, of which the appellate court would presumably be unaware. The issue here centers on the effect of the Federal Circuit's most recent decision in *Akamai* on this Court's prior ruling in Medtronic's favor. The Court of Appeals does not need this Court's advice or opinion on that issue.[2] Medgraph's motion is therefore denied.

---

[1] In its reply brief, Medgraph states that its "Rule 62.1 motion allows this Court to issue an indicative ruling on Medtronic's motion to set aside the Court's prior judgment of non-infringement ... ." Dkt. #173 at 3. I am not aware of any motion by Medtronic (or, for that matter, by Medgraph) to set aside this Court's prior judgment in Medtronic's favor.

[2] While the court in *Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218 (S.D.N.Y. 2013), which has been cited by Medgraph, did state in dicta that there could be situations in which "an intervening change in the law ... [might] mak[e] an indicative ruling the most expeditious course of action," the court in that case denied the plaintiffs' request for an indicative ruling, stating that "[t]he Second Circuit needs no help [from the district court] deciphering the meaning of its own" case law. *Id.* at 222. The same rationale applies here.

**CONCLUSION**

Plaintiff's motion for an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 26, 2015.